UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   CRIMINAL NO. 3:21-CR-0321-B |
| | § |
| ADEWALE ADESANYA, | § |
| | § |
| Defendant. | § |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Adewale Adesanya's Motion to Reduce Sentence (Doc. 86). Adesanya is seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* For the following reasons, Adesanya's Motion is **DENIED WITHOUT PREJUDICE**.

I.

BACKGROUND

On June 2, 2022, Adesanya pleaded guilty to "Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), and Use of a False Passport, in violation of 18 U.S.C. §§ 1543 and 2." Doc. 52, Notice; Doc. 56, Order. On September 15, 2022, the Court sentenced Adesanya to 48 months of imprisonment and to three years of supervised release. Doc. 70, Judgment, 2–3. The Court also ordered Adesanya to pay restitution of $1,582,510. *Id.* at 5–8. Adesanya is currently forty-years old and is confined at Montgomery Federal Prison Camp ("FPC") with a statutory release date of October 15, 2024.[1]

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate locator, available at https://www.bop.gov/inmateloc/.

-1-

Adesanya filed a Motion to Reduce Sentence (Doc. 86) on August 15, 2023. He argues that his family circumstances support reducing his sentence. Doc. 86, Mot., 8–10.[2] The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

As explained below, the Court denies Adesanya's request for the Court to appoint him counsel. Additionally, Adesanya's request for compassionate release fails because: (1) he has not exhausted his administrative remedies, and (2) he has not demonstrated extraordinary and compelling reasons for a sentence reduction.

A.   *Adesanya is Not Entitled to Appointment of Counsel*

Adesanya's request for appointment of counsel is denied. Courts in this district have noted that "[t]he First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A)." *E.g.*, *United States v. Jackson*, No. 3:16-CR-196-L-1, 2020 WL 4365633,

---

[2] The citations to Adesanya's Motion for Compassionate Release (Doc. 86) refer to the pagination on the Case Management/Electronic Case Files system.

at *3 (N.D. Tex. July 30, 2020) (Lindsay, J.). The Fifth Circuit recently held a district court did not abuse its discretion by denying a defendant's motion for the appointment of counsel for a motion under § 3582(c)(1)(A). *United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023) (per curiam).

Nevertheless, district courts have discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). When exercising this discretion, courts consider "whether the [defendant's] petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim." *United States v. Molina-Flores,* No. 3:16-CR-130-N, 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018) (Horan, M.J.) (citation omitted). Here, Adesanya has failed to show the interests of justice require the Court appoint him counsel. Motions for compassionate release are generally "not particularly complex factually or legally." *United States v. Phillips*, No. 1:17-CR-143, 2023 WL 5337428, at *2 (E.D. Tex. Aug. 18, 2023) (citation omitted). Adesanya's Motion presents straightforward claims regarding whether his family circumstances constitute an extraordinary and compelling reason justifying compassionate release and "is not legally or factually complex." *See United States v. Smith*, No. 3:18-CR-0482-B-5, 2022 WL 326688, at *1 (N.D. Tex. Feb. 2, 2022) (Boyle, J.). Additionally, Adesanya has not explained how appointed counsel would otherwise help the Court assess his Motion. Accordingly, the Court finds that Adesanya is not entitled to appointment of counsel in these proceedings.

B.   *Adesanya Has Not Proven He Exhausted His Remedies*

A defendant is only allowed to bring a motion for compassionate release under § 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a

failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Here, the Court finds that Adesanya has not satisfied the exhaustion requirement. In support of his Motion, Adesanya attaches two emails he sent to the warden of Montgomery FPC where he requests a copy of his April 2023 request for compassionate release. Doc. 87, Proposed Release Plan, 8–9. However, Adesanya did not present the actual copy of his request for compassionate release or any other document proving that the warden of Montgomery FPC received his request for compassionate release. Because Adesanya has not produced any evidence showing that he actually made the request to the warden and that the warden received his request, the Court finds that Adesanya has not exhausted his administrative remedies. *See United States v. Ware*, No. 3:15-CR-0494-B-2, 2021 WL 1662497, at *2 (N.D. Tex. Apr. 28, 2021) (Boyle, J.) (denying compassionate release where the defendant failed to prove the warden received the request for compassionate release). Even though he failed to satisfy the exhaustion requirement, the Court will still address the merits of Adesanya's Motion.

C. *Adesanya Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release*

Adesanya has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to "promulgate general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citation omitted). The three circumstances are the defendant's medical condition, age, and family situation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1.[3] However, § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting § 1B1.13 is "not dispositive" but "guid[ing]"). Considering Adesanya's Motion in light of § 1B1.13, the Court concludes that Adesanya has not demonstrated "extraordinary and compelling reasons" warranting compassionate release.

In his Motion, Adesanya checked boxes indicating that his spouse and the caregiver of his children—the Court assumes this is also his spouse—have become incapacitated. Doc. 86, Mot., 5. Adesanya also indicates that he is the only person available to care for his spouse and children.

---

[3] The policy statement also provides a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13 cmt. n.1.

*Id.* The § 1B1.13 commentary provides that, if supported, these allegations would both constitute extraordinary and compelling reasons to justify an early release. § 1B1.13 cmt. n.1(C). However, the only evidence Adesanya offers to show that his wife is incapacitated is his claim that his incarceration and his family's financial circumstances led to "her being diagnosed with Postpartum Depression." Doc. 86, Mot., 9. He has failed to offer any evidence showing that his wife is unable to take care of herself or their children. He has likewise failed to show that he is the only person able to serve as a caregiver for his children. Therefore, the Court finds that the "family circumstances" provision does not apply.

While a prisoner does not need to establish the exact scenarios described in the § 1B1.13 commentary, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency. Adesanya has failed to show that his conditions involve a comparable degree of necessity and urgency such that compassionate release is warranted.

Adesanya also asserts that compassionate release is warranted because his "family has been under extreme financial and emotional hardship since [he has] been incarcerated." Doc. 86, Mot., 8. He claims his wife's immigration status means she cannot work or register their kids for school. *Id.* at 9. Adesanya also says that he "was the primary financial provider for [their] family" and that his family "is under a continuous threat of eviction." *Id.* Their family support is all in Nigeria, so Adesanya claims to have no other options than to ask for compassionate release. *Id.*

While these circumstances may be difficult, they are not extraordinary and compelling circumstances warranting compassionate release. Adesanya's family having financial difficulties because of his incarceration does not pose a comparable degree of necessity and urgency as the circumstances provided in the § 1B1.13 commentary. *See United States v. Degante*, No. 4:17-CR-00075, 2022 WL 2813716, at *5 (E.D. Tex. July 18, 2022) (finding that a defendant seeking to

provide financial support for his children was not an extraordinary and compelling reason justifying compassionate release). Presumably many, if not most, families face financial difficulties when their family members, especially their "primary financial provider," is incarcerated. Something that affects so many inmates and their families generally cannot be considered an extraordinary and compelling reason justifying early release. *Cf. United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio Jul. 16, 2019) (finding that a defendant having sick parents was not extraordinary because "[m]any, if not all inmates, have aging and sick parents.").

Overall, Adesanya's personal circumstances do not warrant compassionate release. Although "Congress never defined or provided examples of 'extraordinary and compelling reasons' that might warrant a reduction," *Shkambi*, 2020 WL 1291609, at *3, Adesanya has failed to persuade the Court that his circumstances rise to the level of extraordinary and compelling. Given these threshold obstacles to Adesanya's Motion to Reduce Sentence, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

## IV.

## CONCLUSION

Adesanya's Motion to Reduce Sentence fails because: (1) he did not exhaust his administrative requirements, and (2) he has not demonstrated extraordinary and compelling reasons for compassionate release. For those reasons, the Court **DENIES** Adesanya's Motion (Doc. 86) **WITHOUT PREJUDICE**.

By denying Adesanya's Motion without prejudice, the Court permits Adesanya to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the

exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) factors support his release.

    SO ORDERED.

    SIGNED: January 23, 2024.

                                                                                                             JANE J. BOYLE
                                                                                                           UNITED STATES DISTRICT JUDGE